LAWRENCE, Judge.
Claimant Valencia Jackson (Jackson) appeals a workers’ compensation order denying her claims for temporary partial wage loss (TPWL) benefits for certain time periods, for an accident occurring on September 9, 1989. We reverse on one issue, and affirm, without discussion, all other issues raised on appeal.
Jackson argues the Judge of Compensation Claims (JCC) erred in calculating her average weekly wage (AWW) and corresponding compensation rate. She contends she did not stipulate to an AWW of $233.81 in the pretrial stipulation, and her AWW should be upwardly adjusted to reflect health insurance benefits paid by the employer on her behalf. The E/C contends that the JCC did not err in awarding the lower AWW, as the parties stipulated to that amount. We agree with Jackson.
Review of the pretrial stipulation confirms there is no valid stipulation in place regarding the AWW. In the absence of a stipulation, the JCC erred in his calculation of the AWW and corresponding compensation rate by failing to include the weekly amount that Landmark paid on behalf of Jackson for health insurance benefits. § 440.02(23), Fla. Stat. (1989).[1] The carrier’s claims represen *631 tative testified that Jackson’s AWW was adjusted from $233.81 to $279.86 after Jackson was terminated, to account for health insurance benefits of $46.05 per week that the employer had contributed on Jackson’s behalf. Under the statute, then, the correct AWW was $279.86.
Therefore, we AFFIRM in part, and REVERSE and REMAND in part, with instructions that the JCC adjust Jackson’s AWW and compensation rate accordingly.
JOANOS and DAVIS, JJ., concur.

. Section 440.02(23) provides in part:
"Wages" means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, together with the reasonable value of board, meals, rent, housing, lodging, parking; *631 ... employer contributions for legal, life, health, accident, or disability insurance for the employee or dependents, excluding social security benefits.... In employment in which an employee receives consideration other than cash as a portion of this compensation, the reasonable value of such compensation shall be the actual cost, to the employer.
(Emphasis added.)